IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GRAHAM LUNDEEN, on behalf of himself and similarly situated employees,<br><br>　　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>10 WEST FERRY STREET OPERATIONS LLC (d.b.a. Logan Inn),<br>　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FIELD ELECTRONICALLY<br>ON JANUARY 9, 2024<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Graham Lundeen ("Plaintiff") brings this class/collective action lawsuit against 10 West Ferry Street Operations LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and alleging the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Stockton, NJ.

5. Defendant is a corporate entity that, according to the IRS W-2 tax form issued to Plaintiff, is located at 10 West Ferry Street, New Hope, PA 18938.

6. Defendant employs individuals, including Plaintiff, engaged in commerce or in

1

the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

7.     Defendant owns and operates the Logan Inn at 10 West Ferry Street, New Hope, PA 18938 (hereafter "the Inn"), which includes, *inter alia*, a restaurant and bar areas. *See generally* https://www.loganinn.com/ (last visited 1/5/23).

8.     During the past three years, Defendant has employed at least 30 servers and bartenders at the Inn.

9.     Plaintiff was employed by Defendant as a bartender and server at the Inn from approximately September 2021 until approximately December 2022.

10.    Defendant pays the Inn's bartenders an hourly wage of either $2.83 plus tips or $5.00 plus tips. Plaintiff, for example, was generally paid an hourly wage of $5.00 plus tips for his bartender work. Servers, meanwhile, are always paid an hourly wage of $2.83 plus tips. Plaintiff, for example, was generally paid an hourly wage of $2.83 plus tips for his server work.

11.    Thus, in seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendant enjoys a "tip credit" in the amount of either $2.25 ($7.25 *minus* $5.00) or $4.42 ($7.25 *minus* $2.83) for each hour worked by Plaintiff and other bartenders and servers. *See generally* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

12.    In addition to employing hourly bartenders and servers, Defendant employs at the Inn several managers who are paid a salary and exercise supervisory responsibility over Plaintiff and other bartenders and servers. For example, Randy Charlins has been employed at the Inn as a Bar Manager, has been paid a salary, has supervised the work of Plaintiff and other hourly bartenders, and has personally disciplined Plaintiff and other hourly bartenders.

13. Defendant has required Plaintiff and other hourly bartenders and servers to contribute to a tip pool. This tip pool includes (i) contributions from servers based upon a percentage of their beverage sales and (ii) all customer tips received by bartenders. The tip pool proceeds are then distributed to the bartenders.

14. Bar Manager Charlins regularly received distributions from the tip pool described in paragraph 13. Moreover, the tip pool distributions to Mr. Charlins often exceeded the amount of tips that Charlins received from customers on those occasions in which Mr. Charlins tended bar.

## COLLECTIVE AND CLASS ALLEGATIONS

15. Plaintiff brings this lawsuit on behalf of himself and all individuals who have been employed as hourly bartenders or servers at the Inn during any time within the past three years.

16. Plaintiff's FLSA claim should proceed as a collective action because he and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17. Plaintiff's PMWA claim should proceed as a class action because, as summarized in paragraphs 18-22, all of Federal Rule of Civil Procedure 23's requisites are satisfied.

18. The putative class, upon information and belief, includes at least 30 individuals (all of whom will be readily ascertainable based on Defendant's standard timekeeping and payroll records) and, as such, is so numerous that joinder of all class members is impracticable.

19. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other

class members.

20. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

21. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation and tip-pooling practices.

22. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. The FLSA entitles employees to a minimum hourly wage of $7.25.

25. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers and bartenders, they forfeit the right to do so when they "allow[] managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B). This is so even if the manager or supervisor performs some customer service duties and receives some tips directly from customers. *See*, *e.g.*, *Whited v. New Café at Greystone Gardens*, 2020 WL 1271681, 2020 U.S. Dist. LEXIS 45715 (M.D. Pa. March 17, 2020).

26. Defendant willfully violated the above rule by distributing tip pool proceeds to Bar Manager Charlins (and, possibly, other management-level employees).

## COUNT II
**(Alleging Violations of the PMWA)**

27. All previous paragraphs are incorporated as though fully set forth herein.

28. The PMWA entitles employees to a minimum hourly wage of $7.25.

29. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they must do so in a manner that ensures that "[a]ll tips received by such employee have been retained by the employee and shall not be surrendered to the employer." 43 P.S. § 333.103(d)(2).

30. Defendant violated the above rule by distributing tip pool proceeds to Bar Manager Charlins (and, possibly, other management-level employees).

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. The value of the tip credit (*e.g.*, $2.25 or $4.42) for every hour worked;

B. The reimbursement of all monies paid from the tip pool to Bar Manager Charlins and any other management-level employee;

C. Prejudgment interest to the fullest extent permitted under federal and state law;

D. Mandatory liquidated damages under the FLSA per 29 U.S.C. § 216(b);

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

Date: January 9, 2024                                  Respectfully,

                                                                                             Peter Winebrake
                                                                                             Winebrake & Santillo, LLC
                                                                                             715 Twining Road, Suite 211
                                                                                             Dresher, PA 19025
                                                                                             (215) 884-2491

                                                                                             *For Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

Date: 01/09/2024

Signature – Graham Lundeen

The signed document can be validated at https://app.vinesign.com/Verify