IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GRAHAM LUNDEEN, on behalf of himself and similarly situated employees, | : : : | |
| Plaintiff, | : | 2:24-cv-00109-JDW |
| v. | : : | |
| 10 WEST FERRY STREET OPERATIONS LLC (d.b.a. Logan Inn), | : : | |
| Defendant. | : : | |

## STIPULATION AND ORDER

**AND NOW,** this 19th day of March, 2024, Graham Lundeen ("Plaintiff") and 10 West Ferry Street Operations LLC ("Defendant") **STIPULATE** as follows:

1. The following collective is conditionally certified pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b): **All individuals who were employed by the Logan Inn as an hourly bartender or server during any week between April 28, 2021, and January 23, 2023,[1] and who contributed to a tip pool that resulted in at least some tips being distributed to Randy Charlins.[2]** Individuals falling within this definition are referred to as "Putative Collective Members."

2. Nothing herein prevents Defendant, after the close of discovery, from asserting

---

[1] In his complaint, Plaintiff challenges the validity of Defendant's use of a "tip pool" for servers and bartenders due to Defendant's inclusion of Bar Manager Randy Charlins in the tip pool. The dates listed in this collective definition coincide with the dates Mr. Charlins was employed by Defendant as a salaried Bar Manager.

[2] Nothing herein prevents Defendant from arguing, after the close of discovery, that a two-year limitations period applies to the FLSA claim due to the lack of a "willful" violation. *See Stone v. Troy Construction, LLC*, 935 F.3d 141, 148-50 (3d Cir. 2019) (describing "willfulness" standard).

that this action is inappropriate to proceed as an FLSA collective action; from asserting that final certification of the FLSA collective is inappropriate and moving to decertify, modify, or narrow the FLSA collective; or from asserting that individual claims of the Putative Collective Members are time-barred (in whole or in part) or otherwise improper. *See Caddick v. Tasty Baking Co.*, 2020 WL 419458, 2020 U.S. Dist. LEXIS 14716, *3-5 (E.D. Pa. Jan. 24, 2020) (Wolson, J.) (describing "two-tiered certification process for FLSA collective actions").[3] Such matters will be litigated and resolved at an appropriate time after completion of the notice authorized through this Order and discovery and pursuant to future deadlines set by the Court.

3.      No later than April 4, 2024, Defendant will send to Plaintiff's Counsel the name, last known mailing address, and last known email address (if available) of each Putative Collective Member.

4.      No later than April 11, 2024, Plaintiff's counsel will mail and email to all Putative Collective Members finalized copies of the attached "Notice of Collective Action Lawsuit" form, the attached "Consent to Join" form, and (for the mailed version) a postage-paid return envelope bearing Plaintiff's counsel's address (collectively the "Notice Package"). Plaintiff's counsel will pay all postage and printing costs associated with the preparation and mailing of the Notice Packages. If any Notice Package is returned as undeliverable, Plaintiff's counsel will make all reasonable efforts to update the address information and re-send the Notice Package.

5.      In order to join the FLSA collective pursuant to 29 U.S.C. § 216(b), a Putative Collective Member must complete their Consent Form and return it to Plaintiff's counsel either

---

[3]  Nothing herein prevents Plaintiff from arguing, after the close of discovery, that certification of the supplemental Pennsylvania Minimum Wage Act claim is warranted under Federal Rule of Civil Procedure 23's class action mechanism; or prevents Defendant from arguing that Rule 23 certification of such claim is not warranted.

electronically, or in an envelope postmarked on or before the deadline indicated in the Notice

Package, which will be set at thirty (30) calendar days after the initial mailing date.

    6.    Plaintiff's counsel will file with the Court each completed Consent Form within

three (3) business days of receipt.  The parties' counsel will confer in good faith to amicably

resolve any disputes concerning the completeness or timeliness of any form.


**FOR DEFENDANT:**

/s/ William C. Boak
David J. Freedman
William C. Boak
Barley Snyder, LLP
126 East King Street
Lancaster, PA 17602
(717) 399-1578

**FOR PLAINTIFF:**

/s/ Michelle Tolodziecki
Peter Winebrake
Michelle L. Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19075
(215) 884-2491


**SO ORDERED:**


/s/ Joshua D. Wolson
Hon. Joshua D. Wolson
United States District Judge

Dated:  March 21, 2024

3

[*insert mailing date*]

## NOTICE OF COLLECTIVE ACTION LAWSUIT

*Lundeen v. 10 West Ferry Street Operations LLC (d.b.a Logan Inn), 2:24-cv-00109-JDW*
United States District Court, Eastern District of Pennsylvania

### PLEASE READ THIS NOTICE CAREFULLY

### INTRODUCTION

This Notice informs you of a pending lawsuit <u>seeking alleged unpaid wages</u> under the federal Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act on behalf of bartenders and servers who worked at the Logan Inn restaurant owned by 10 West Ferry Street Operations LLC (the "Logan Inn") between April 28, 2021, and January 23, 2023.

The FLSA allows individuals to pursue certain employment-rights claims together in a single "collective action" lawsuit. If you wish to be covered by the FLSA claim in this lawsuit, you must join this collective action by following the procedures outlined below under the heading "HOW TO JOIN THE LAWSUIT."

You have a right to participate in the lawsuit because the Logan Inn's records indicate you worked as a bartender and/or server during the time period covered by the lawsuit. As detailed below, it is your choice whether or not to participate in this lawsuit.

### DESCRIPTION OF THE LAWSUIT

In January 2024, a former employee of the Logan Inn named Graham Lundeen ("Plaintiff") initiated this lawsuit, which is now proceeding in the United States District Court in Philadelphia, PA and is assigned to Judge Joshua Wolson.

Federal and state wage laws entitle employees to a minimum wage of $7.25/hour. In satisfying this minimum wage obligation, restaurants in Pennsylvania are allowed to pay bartenders and servers as little as $2.83/hour and rely on customer tips to make up the difference. When restaurants do this, they are taking a "tip credit."

Restaurants that take a tip credit in paying the minimum wage are not allowed to require bartenders and servers to share tips with employees who are "managers" or "supervisors". In this lawsuit, Plaintiff alleges that the Logan Inn violated this rule by requiring bartenders and servers to share tips through a "tip pool" with an individual who held the title of "Bar Manager".

The Logan Inn responds that Plaintiff's legal claim lacks merit and that its pay practices are legal. According to the Logan Inn, the Bar Manager did not exercise sufficient supervisory responsibility to be a "manager" or "supervisor" whom the law would prohibit from participating in the tip pool, in accordance with regulations adopted by the U.S. Department of Labor.

The lawsuit is in its early stages. The Federal Court has not decided who will win and has not made any rulings on the merits of Plaintiff's claims or the Logan Inn's defenses.

Individuals employed at the Logan Inn during any time between April 28, 2021, and January 23, 2023, as hourly bartenders and servers are eligible to join the lawsuit if they contributed to a tip pooling arrangement that involved paying out tips to Randy Charlins.  According to the Logan Inn's records, you were employed as an hourly bartender or server during this period and may have contributed to a tip pool that paid out to, among others, Mr. Charlins.

## HOW TO JOIN THE LAWSUIT

You can join the lawsuit by completing the enclosed "Consent to Become Party Plaintiff" form and returning it by mail to the following address (or electronically to the following email address):

WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Email: michelle@winebrakelaw.com

Your consent form must be returned by **[insert date falling 30 days after initial mailing date]** (if returning your form by mail, your return envelope must be postmarked by this date).  If you fail to meet this deadline, you will not be allowed to participate in the collective action.  It is entirely your decision whether or not to join.

If you do not wish to be covered by the FLSA claim in this lawsuit, do not return the enclosed form.

## EFFECT OF JOINING THE LAWSUIT

If you join the lawsuit, you will be bound by the judgment of the Federal Court on all issues, including the reasonableness of any settlement.  If Plaintiff wins, individuals who join the lawsuit may be eligible for a money payment.  If the Logan Inn wins, individuals who join the lawsuit will be entitled to nothing, and will be barred from relitigating the same claims.

If you join the lawsuit, you may be required to participate in the "discovery" process by, for example, gathering and producing documents, answering written questions under oath, and, possibly, sitting for a deposition, and then potentially testifying at trial.  For now, simply make sure you do not destroy anything related to your work with the Logan Inn.  The law firm described below will represent you throughout the lawsuit.

## RETALIATION PROHIBITED

If you join the lawsuit, federal law prohibits the Logan Inn from retaliating against you as a result of your participation.

## EFFECT OF NOT JOINING THE LAWSUIT

If you do not join the lawsuit, you will not be part of the "collective" of individuals pursuing their FLSA rights.  Thus, you will not be affected by any judgment or settlement resulting from the FLSA claim.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you join the lawsuit, you will be represented by Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025; (215) 884-2491; www.winebrakelaw.com

You are not required to pay any fees to this law firm. The firm has taken this case on a "contingency" basis.  If the lawsuit is unsuccessful, the firm will receive nothing.  If the lawsuit results in a recovery, the firm will ask the Judge to award legal fees separate and apart from your individual recovery.

Please call the above law firm if you have any questions or desire any additional information about the lawsuit.  If you call, please dial 215-884-2491 ext. 4 to speak with Michelle Tolodziecki about the "Logan Inn Lawsuit."

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT. THE COURT HAS TAKEN NO POSITION REGARDING THE LAWSUIT'S MERITS. PLEASE DO NOT CONTACT THE COURT, THE COURT'S CLERK, OR THE JUDGE. THEY ARE NOT PERMITTED TO ADDRESS YOUR INQUIRIES OR QUESTIONS.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRAHAM LUNDEEN, on behalf of himself                :
and similarly situated employees,                   :
                          Plaintiff,                 :    2:24-cv-00109-JDW
                    v.                               :
                                                     :
10 WEST FERRY STREET OPERATIONS                      :
LLC (d.b.a. Logan Inn),                              :
                          Defendant.                 :
                                                     :

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I have read the accompanying document entitled "NOTICE OF COLLECTIVE ACTION LAWSUIT," and I hereby consent to become a party plaintiff in the above-captioned action pursuant to 29 U.S.C. § 216(b).  I agree to be represented in this action by Winebrake & Santillo, LLC (Dresher, PA).  I understand that I might be required to provide information about my employment with "the Logan Inn."  I understand that I will be bound by the judgment of the Court on all issues in this action, including the fairness of any settlement.

_____          _____
Signature                                Date

_____
Name (Please Print Neatly)

_____
Address

_____
City, State, Zip Code

_____
Phone Number

_____
Email Address

<u>**Return this completed form by [**</u>***30 days after initial mailing***<u>**] to:**</u>
Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025
Email: michelle@winebrakelaw.com