## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<table>
<tr><td>

**GRAHAM LUNDEEN**,

*Plaintiff,*

v.

**10 WEST FERRY STREET OPERATIONS LLC d/b/a/ LOGAN INN**,

*Defendant.*

</td><td>

**Case No. 2:24-cv-00109-JDW**

</td></tr>
</table>

### MEMORANDUM

When Congress amended the Fair Labor Standards Act in 1947, it decided that the way to remedy harms that apply to a group of workers is to create an opt-in mechanism to permit each injured person who wants to participate in the case to opt in as a party plaintiff. That is, the onus is on impacted individuals to decide to participate in the case. The FLSA is different, in that respect, from other federal statutes, most of which permit resolution by a class action that has a default of participation by all affected class members and puts the onus on them to opt out, not in. Because the FLSA's approach is so unusual, it creates a host of questions that have challenged courts.

This case presents one more such issue: should a court permit parties to agree to release FLSA claims on a class-wide basis as part of a class settlement. I raised the issue *sua sponte* after I reviewed a proposed settlement in this case that did just that, and I got

briefing and argument. Having considered the matter, I have decided not to approve the settlement because it effectively does something that Congress chose not to allow: it settles FLSA claims on a class-wide basis.

I.   **BACKGROUND**

    A.   **The Claims In This Matter**

Mr. Lundeen filed this case on behalf of himself and "all individuals who have been employed as hourly bartenders or servers at [Defendant Logan Inn] during any time within the past three years." (ECF No. 1 ¶ 15.) Mr. Lundeen alleges that Logan Inn violated the FLSA and the PMWA by distributing tip pool proceeds to a management-level employee. *See* 29 U.S.C. § 203(m)(2)(B); 43 P.S. § 333.103(d)(2). On March 21, 2024, I conditionally certified an FLSA collective. (ECF No. 15.) Ten individuals, including Mr. Lundeen, opted in ("Opt-In Plaintiffs").

    B.   **The Settlement Agreement**

The Parties held a settlement conference before the Hon. Scott W. Reid and now seek preliminary approval of a settlement that resolves the FLSA and PMWA claims. The class includes Mr. Lundeen, the Opt-In Plaintiffs, and "all other individuals who were employed by Defendant … at the Logan Inn as an hourly bartender or server" during the relevant period "and who contributed to a tip pool that resulted in at least some tips being distributed to [the bar manager]." (ECF No. 26-1 ¶ 1.) The total settlement amount is $100,000; class members who do not exclude themselves from the settlement will

receive a *pro rata* share based on their estimated potential damages. In exchange, they agree to release "all legal or equitable claims ... arising [during the relevant period], and asserted in or related to the Action," including their FLSA and PMWA claims. (*Id.*)

### C. The Preliminary Approval Motion

On August 20, 2024, Mr. Lundeen filed an Unopposed Motion For Preliminary Approval Of Class Action Settlement And Other Related Relief. In his Motion, Mr. Lundeen asks me to: 1) grant preliminary approval of the Parties' settlement; 2) approve the form and manner of class notice; 3) appoint Plaintiff's counsel as interim class counsel; and 4) set a date for a final approval hearing. On October 1, 2024, I held a hearing on the Motion to address my concerns about the settlement's release provision, which requires those participating in the settlement to forgo their FLSA claims even if they did not opt in to the FLSA collective. Before the hearing, Mr. Lundeen filed a supplement identifying cases that support his contention that such a release is permissible. I have reviewed those cases and heard the Parties' arguments. The Motion is ripe for disposition.

## II.   LEGAL STANDARD

Review of proposed Rule 23 class settlement typically proceeds in two steps: (1) a preliminary fairness evaluation and (2) a formal fairness hearing following a notice period. *See In re Nat'l Football League Players' Concussion Inj. Litig.*, 961 F. Supp. 2d 708, 713–14 (E.D. Pa. 2014). The Rule 23 process governs class action settlements but not

FLSA collective actions. Nonetheless, courts in this Circuit apply the two-step process to FLSA claims as well. *See, e.g., Hall v. Accolade, Inc.*, No. 17-cv-3423, 2019 WL 3996621, at *3 n.2 (E.D. Pa. Aug. 23, 2019) (preliminarily approving FLSA collective action based on same two-step Rule 23 approval process); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 WL 4018205, at *9 (E.D. Pa. Sept. 9, 2011).

Trial courts have discretion over whether to grant preliminary approval of a proposed class action settlement. *See In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 317 (3d Cir. 1998). "[T]he 'fair, reasonable and adequate' standard is lowered, and the court is required to determine whether 'the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies... .'" *In re Nat'l Football League*, 961 F. Supp. 2d at 714 (citation omitted). Nevertheless, "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *Id.* (citation omitted). Rather, it is appropriate only when "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1); *see, e.g., Ward v. Flagship Credit Acceptance LLC*, No. 17-2069, 2020 WL 759389, at *4 (E.D. Pa. Feb. 13, 2020). Again, "the inquiry into whether a settlement should be approved under the FLSA 'largely overlap[s]' with Rule 23 analysis," so, when evaluating a proposed settlement of a bona fide FLSA dispute, the court assesses whether the settlement is fair and reasonable. *Caddick v. Tasty Baking Co.*, No. 19-cv-02106, 2021 WL 1374607, at *8 (E.D. Pa. Apr. 12, 2021)

(quoting *Williams*, 2011 WL 4018205, at *9).

## III.    DISCUSSION

The FLSA provides that "[n]o employee shall be a party plaintiff to any ... action unless he gives his consent in writing to become such a party ... ." 29 U.S.C. § 216(b). Thus, only those who choose to join an FLSA collective action and assert their federal claim (i.e., those who "opt in") are bound by its outcome. In the settlement context, this means that individuals can only release their FLSA claims after opting in. Conversely, Rule 23, which applies to state law claims, has an opt out framework. Class members are bound to litigation or settlement unless they exclude themselves.

Despite this tension between the FLSA and Rule 23, the Parties seek to resolve the federal and state law claims in one fell swoop: a "hybrid" collective and class action settlement. But this cannot be—at least, not under the present circumstances. Members of the collective got notice of the action, and only ten (including Mr. Lundeen, the named plaintiff) elected to assert claims under the FLSA. Yet the settlement requires all class members—including those who got notice of the FLSA collective and elected not to assert those claims—to release their FLSA claims. Doing so would be an end run around Congress's decision to require opt in party plaintiffs in FLSA cases, rather than class actions that drag class members before the Court.

In any settlement, the economic benefit that accrues to a defendant is the release that it secures from the plaintiffs. In the Parties' proposed settlement, Logan Inn will get

the same economic benefit from Opt-In Plaintiffs and from class members who elected not to opt in. That makes no sense. In another case, I held that Parties cannot require class members to opt in as FLSA plaintiffs to participate in a class recovery. *See Reynolds v. Turning Point Holding Co., LLC*, No. 19-cv-01935, 2022 WL 2541352, at *3 (E.D. Pa. July 7, 2022). In that circumstance, a class member would at least have filed a claim form and therefore opted in, consistent with the FLSA's requirement. The Parties in this case propose to go even further and force absent class members, who will never elect to participate in the case, still to release claims under a statute that says that no one can force them to participate but rather gives them a choice. That's at odds with Congress's intent in adopting an opt-in mechanism under the FLSA.

The Parties' arguments to the contrary don't persuade me otherwise. *First*, the Parties claim that because the notice informs class members of how to opt out and preserve their FLSA claim, the release is permissible. *See, e.g.*, *Then v. Great Arrow Builders, LLC*, No. 20-cv-0800, 2022 WL 562807, at *4 (W.D. Pa Feb. 23, 2022). But notice, even notice that "fully inform[s] settlement class members of what they must do" to preserve their FLSA claim, does not mean that class members can release their FLSA claims through Rule 23's opt-out process. *Id.* No amount of notice can cure this problem. *See Reynolds,* 2022 WL 2541352, at *4.

Nor does the opt-out right that comes with a Rule 23(b)(3) class notice cure the problem. The Parties would, in effect, tell every class member that if he wants to

preserve his right to opt into a claim under the FLSA, he must forego his right to participate in a settlement class. It's just a backdoor way to create a class of FLSA claimants.

*Second*, the Parties argue that FLSA claims are no different from the other claims that a general release encompasses. But that's wrong. Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours… ." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). And it created a specific procedural mechanism to govern those claims, separate from and unaffected by Rule 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012). That separate remedy, which precludes the use of Rule 23 to resolve FLSA claims, sets an FLSA claim apart from the other claims to which a general release might apply.

*Finally*, the Parties cite to cases indicating some Courts of Appeals have enforced releases of FLSA claims that a party obtained through certification of a Rule 23 class action. *See, e.g.*, *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442 (5th Cir. 2016); *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106 (9th Cir. 2018). But those cases address the downstream effect of a settlement *after* a judge approves it, not the propriety of approving such a settlement *in the first instance*. By that point, what's done is done, and those courts had to decide only whether to enforce another court's order. The decision to do so implicates a range of concerns that are not present in this case, such as an interest in finality of a judgment, Congress's enactment of the Full Faith And

7

Credit Act, and the parties' reliance interests in a settlement that another court had deemed final.

But none of that means that judges should approve class-wide releases of FLSA claims in the first instance for absent class members who have not opted in. Indeed, in *Richardson* the Fifth Circuit observed that district courts rejecting the release of FLSA claims through opt out class action settlements "may well have taken the wise approach in exercising their discretion to determine the proper scope of the settlements... ." 839 F.3d at 452 (quoting *Lipnicki v. Meritage Homes Corp.*, No. 10-cv-605, 2014 WL 923524, at *16 (S.D. Tex. Feb. 13, 2014)). Similarly, in *Rangel* the Ninth Circuit clarified that it was not addressing "whether allowing an opt-out settlement to release opt-in FLSA claims [is] proper," but rather "whether a settlement to which [the plaintiff] did *not* object, and to which we are obligated to give effect ... extends to her current claims." 899 F.3d at 1112.

I acknowledge, of course, that one could read the decisions in *Richardson* and *Rangel* as implicitly signing off on a court's power to approve a class-wide release that applies to FLSA claims. But I don't read the cases as going that far. And I don't have to hold today that judges **<u>can't</u>** approve such a release. Instead, I will just say that, in my view, judges **<u>shouldn't</u>** do so because it is at odds with Congress's decision about what remedial process should apply to FLSA claims.

## IV.     CONCLUSION

I cannot grant preliminary approval of the settlement because it requires class members who did not opt in to the FLSA collective to release their FLSA claims, which is neither fair nor reasonable.[1] Because I could not approve the settlement at final approval, I need not address other issues—such as notice and the appointment of class counsel—that Mr. Lundeen's Motion raises. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 9, 2024

---

[1] In my Order dated September 12, 2024 (ECF No. 28), I also raised questions regarding the settlement's payment structure and FLSA-specific analysis. These issues did not bear on my decision to deny preliminary approval.